## AKRON TAXICAB CO v WELTON

Ohio Appeals, 9th Dist, Summit Co

No 1982. Decided Dec 18, 1931

Naef & McIntosh, Akron, for plaintiff in error.

W. J. Laub, Akron, for defendant in error.

FUNK, J.

Defendant claims three errors, which we will discuss in the order set out in the brief.

First. The court having correctly, instructed the jury, as shown on page 136 of the record, that—

"Any failure of the defendant's driver to exercise ordinary care or obey the laws of the road to which your attention will be called in these instructions, is negligence.

"By ordinary care is meant that degree of care which persons of ordinary carefulness and prudence are accustomed to use under like or similar circumstances in order to conduct the enterprise in which they are engaged to a safe and successful termination, having due regard for the rights of others and the objects to be accomplished."—

counsel for defendant contend that the court erred by following the above instructon with this language:

"What amounts to ordinary care in this case depends upon the circumstances as you find them to be. It has to be such as is exercised by prudent persons under the same or similar circumstances."

and in thereafter, as appears on page 139 of the record, using the following language in separate paragraphs in different connections:

"In determining whether or not the defendant's driver was, at the time of the collision, driving his car at a speed greater than was reasonable and proper, you must judge the conduct of the driver in that respect according to the conduct of a prudent person in a like or similar situation. * * *

"In determining whether or not the defendant's driver was, at the time of the collision, violating this provision of the law, you must judge his conduct in that respect according to the conduct of a prudent person in such a situation."

Counsel for defendant claim that it was

prejudicial error for the court to instruct the jury in said three paragraphs that the conduct of defendant was to be judged by that of a "prudent person," without qualifying it by the word "ordinarily," although the court had prior thereto correctly instructed the jury that defendant was chargeable only with ordinary care and prudence and properly defined it. Said counsel argue that "to be prudent is one standard of conduct," that "to be not prudent or without prudence" is the "the oposite * * * line of conduct," which are the "two extremes"; that "neither one of these extremes is the standard of action which the law requires, but only that a person should be **ordinarily** prudent," which is a standard "in between those two extremes"; that the court thus took away from defendant the benefit of his definition of "ordinary care" and "required of the driver" of the taxicab "a higher degree of care than the law requires" and that it was necessary for the court to have so prefaced or qualified the words "prudent person" in said three paragraphs to properly instruct the jury as to the degree of care required of said driver and to avoid confusing the jury.

From a careful reading of the charge as a whole, especially when the paragraphs complained of are read together with the court's definition of ordinary care and of negligence and his instructions concerning the duty of the driver of the car ahead of the taxicab and his instructions as to what speed is or is not greater than is reasonable or proper, we think that it is quite apparent that, when the court used the words "prudent person" in the connection complained of, without prefacing or qualifying them by the word "ordinarily," he meant the kind of a prudent person he had theretofore described, and that there is no likelihood or probability that the jury understood said words otherwise or that it was in any way confused or misled by reason of the court not using the word "ordinarily" in said three paragraphs.

The definition of "ordinary care" given by the court in the instant case comes strictly within the test or rule stated in the case of City of Paris v Tucker, 93 S. W. 233 (Texas), cited by counsel for defendant. That case thus has no particular bearing upon the peculiar situation we have in the instant case.

Second, counsel for defendant contend that the court erred in refusing to give defendant's special request to charge before argument, which reads as follows:

"2. If you should find from the evidence that the defendant by and through its driv-er did only that which an ordinarily prudent person would do under all the circumstances and that the accident was caused by the negligence of some other person or persons, then it will be your duty to find for the defendant."

Counsel for defendant concede in their brief that the request does not include the negligence of omission. Moreover, we are inclined to the opinion that the request is not sufficiently clear to convey the instruction intended and should have included that defendant was not in any manner negligent or careless in doing or not doing something that should or should not have been done by it, and does not confine the proximate cause of the accident to the "sole" negligence of some other person or persons. We therefore find no error in refusing to give this request before argument.

Third. Counsel for defendant requested in writing that the court give the following as a part of the general charge:

"The law of Ohio requires that the driver of a vehicle before turning, stopping or changing his course shall make sure such movement can be made in safety and shall cause a signal to be made of his intention in a way visible outside the vehicle, and this duty devolved upon the driver of the vehicle which was traveling in advance of the taxicab, and you are instructed that the driver of the taxicab had a right to expect that the driver of the vehicle ahead of him would comply with this law in the absence of anything appearing to the contrary at the time."

The court did not instruct the jury in the language requested, but charged on the subject as follows:

"It was the duty of the driver of the car ahead of the taxicab before turning into Hall street to give a signal of his intention so to do in a manner visible outside of the car he was driving. The defendant's driver had a right to presume that the driver ahead of him would obey the law in that respect, but the right to make such assumption did not relieve the defendant's driver from exercising ordinary care and prudence in driving. Whatever he could see or know by the exercise of ordinary care on his part that he must take into account while driving on South Maple street before the accident."

It is contended that the court erred in not charging the whole of §6310-22; in other

words, that it was error for the court to fail to instruct the jury that it was the duty of the driver of the automobile ahead of the taxicab, before turning into Hall street, "to make sure such movement can be made in safety," in addition to the duty of causing a signal to be made visible outside the vehicle of his intention so to do.

It has been held by other courts in cases involving different facts that it was not error to charge the whole of said §6310-22 GC. The converse is before us:, Was it error, under the facts in this case, to omit instruction that the driver of the automobile ahead of the taxicab, before turning, "shall make sure such movement can be made in safety"?

In the case before us, the driver of the car ahead of the taxicab is not a party to the action. The suit is against the taxicab company alone. We are thus not concerned with the conduct of the driver of the car ahead of the taxicab, except as to acts that would furnish information to the driver of the taxicab as to his intention to make the turn.

The making sure that the turn could be made in safety is a rule of conduct pertaining only to whether or not the driver of the car ahead was negligent and his negligence was not material unless it was the sole proximate cause of the accident. The question at issue in the instant case was only whether or not the driver of the taxicab was negligent, and whether his negligence was a proximate cause of the accident, since the driver of the car ahead was not a party to this action.

That part of said §6310-22 requiring the giving of a signal visible outside of the vehicle, is for the benefit of others to show to them the intention, of the driver to turn, stop or change his course in some particular. That part of said section requiring such driver to make sure the movement can be made in safety pertains only to his own conduct and is a rule for the measurement of such driver's conduct, and can have no bearing upon the conduct of the driver of some other vehicle. We are therefore inclined to the opinion that it would have been error to have given it, rather than error not to have given it, for the reason that to require the driver ahead to make sure the turn could be made in safety would tend to put the whole burden on him, no matter how negligent the driver of the car following might be, and thus tend to confuse rather than clarify the situation, when the driver of the car ahead was not a party to the action.

We are consequently clearly of the opin-

ion that the court did not err in refusing to give the charge as requested in the general charge, and having all that part of said §6310-22 GC that pertained to the giving to the driver of the taxicab any warning of an intention to turn, the court gave all defendant was entitled to under the facts in the instant case.

In this action the plaintiff was an innocent bystander on the sidewalk, far removed from the street and at a place where she had a right to be, and if the defendant was guilty of any negligence which proximately caused its car to leave the street and run into plaintiff where she was, said defendant is liable to her, no matter if, as between the defendant and the driver of the car ahead, the defendant was less negligent than said driver of the car ahead.

From our reading of the record, we cannot see how the jury would be justified in finding that the defendant was not guilty, of any negligence whatever, and it is not claimed that the verdict is excessive.

PARDEE, PJ and WASHBURN, J, concur.